**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAIME B. GARCIA, | ) Case No. CV 14-1319-VBF (JPR) |
| Petitioner, | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND ) RECOMMENDATIONS OF U.S. ) MAGISTRATE JUDGE |
| CHRISTIAN PFEIFFER, Warden, | ) ) |
| Respondent. | ) |

The Court has reviewed the First Amended Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge, which recommends that judgment be entered denying the FAP and dismissing this action with prejudice. See 28 U.S.C. § 636(b)(1). Petitioner filed objections to the R. & R. on August 6, 2020; Respondent did not reply. Having reviewed de novo those portions of the R. & R. to which Petitioner objects, see 28 U.S.C. § 636(b)(1)(C), the Court accepts the findings and recommendations of the Magistrate Judge.

Petitioner argues that the Magistrate Judge incorrectly concluded that the state courts were not objectively unreasonable in finding that any error in instructing the jury on an invalid natural-and-probable-consequences theory of aider-and-abettor

guilt for first-degree murder was harmless beyond a reasonable doubt because the prosecutor "conceded" at sentencing that it was impossible to determine under which theory the jury found Petitioner and his codefendants guilty of first-degree murder. (Objs. at 3-4.)

During sentencing, the prosecutor recognized that if Petitioner and his codefendants received separate sentences for first-degree murder and kidnapping, that might run afoul of California Penal Code section 654, which prohibits imposition of multiple punishments for the same act or omission. Specifically, she explained that because the jury was not asked to make any special findings in reaching its verdict on first-degree murder, the parties didn't "know which of the theories or if more than one theory was used as a basis for [its] verdict." (Suppl. Lodged Doc. 2, 14 Rep.'s Tr. at 3920.) Thus, the jury might have convicted Petitioner and the others solely on a felony-murder theory, and imposing a separate sentence for the underlying kidnapping conviction would violate section 654. (See id. at 3920-21 (citing People v. Mulqueen, 9 Cal. App. 3d 532 (1970) (holding that when defendant was convicted of first-degree murder under felony-murder theory with robbery as underlying felony, he was improperly sentenced for both first-degree murder and robbery)).) To avoid "difficulties later on," she asked the court to stay execution of the sentence for kidnapping, which the court agreed to do. (See Suppl. Lodged Doc. 2, 14 Rep.'s Tr. at 3921-22.)

Initially, this Court is not bound by the prosecutor's purported "concession." Beyond that, her acknowledgment that it was not absolutely certain on which of several first-degree-murder theories the jury convicted was not an admission that it was unclear whether Petitioner in particular was convicted under a natural-and-probable-consequences theory of aiding-and-abetting guilt. For all of the reasons discussed in the R. & R. — including several statements made by the prosecutor during trial — the record makes plain that Petitioner was not convicted under that theory. (See R. & R. at 42-47.) Further, the prosecutor's section 654 argument was based on the likelihood that Petitioner and the others were sentenced under a felony-murder theory with kidnapping as the underlying felony, which the Magistrate Judge correctly concluded was one of the two theories, both valid, most likely credited by the jury. (See id. at 42-43.) Indeed, Petitioner's own attorney acknowledged that the natural-and-probable-consequences theory likely did not apply to Petitioner. (See id. at 44-45.) Finally, as the Magistrate Judge rightly recognized, the prosecutor never "conceded she did not know who the shooter was." (Objs. at 4.) Rather, she expressly argued in closing that it was Petitioner who fired the gun, and the evidence supported that contention. (See R. & R. at 26-27, 45-46.) Thus, no "grave doubt" exists that Petitioner was convicted under a valid theory of first-degree murder. Davis v. Ayala, 576 U.S. 257, 268 (2015).

Having reviewed de novo those portions of the R. & R. to which Petitioner objects, the Court agrees with and accepts the findings and recommendations of the Magistrate Judge. IT

THEREFORE IS ORDERED that judgment be entered denying the FAP and dismissing this action with prejudice.

DATED: September 30, 2020

*Valerie Baker Fairbank*
VALERIE BAKER FAIRBANK
U.S. DISTRICT JUDGE